UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS S. JOHNSON, | Case No. CV 10-9881-PJW |
| Plaintiff, | |
| | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance benefits ("DIB"). He claims that the Administrative Law Judge ("ALJ") erred when he rejected the treating physician's opinion that Plaintiff was disabled and relied instead on the non-treating physicians' opinions to conclude that Plaintiff could work. For the reasons discussed below, the Agency's decision is affirmed.

II.   SUMMARY OF PROCEEDINGS

In 2007, Plaintiff applied for DIB, alleging that he was disabled as of May 27, 2006, due to back and shoulder problems. (Administrative Record ("AR") 52-53, 123.) The Agency denied the application

initially and on reconsideration. Plaintiff then requested and was granted a hearing before an ALJ. Plaintiff appeared with counsel and testified at the hearing on November 16, 2009. (AR 28-51.) The ALJ subsequently issued a decision denying benefits. (AR 17-25.) Plaintiff appealed to the Appeals Council, which denied review. (AR 4-6.) He then commenced this action.

## III. ANALYSIS

A.  The ALJ's Rejection of the Treating Doctor's Opinion

Plaintiff was treated by orthopedist Kalid B. Ahmed from July 20, 2007, to October 24, 2008. (AR 373-523.) In a residual functional capacity questionnaire he filled out on August 28, 2007, Dr. Ahmed opined that Plaintiff could not stand or walk at all and could sit for only thirty minutes at a time and for a maximum of one hour a day. (AR 365-66.) The ALJ rejected Dr. Ahmed's opinion and found that Plaintiff could perform a full range of medium work. (AR 20-24.) Plaintiff contends that the ALJ erred in doing so. For the reasons explained below, the Court finds that the ALJ did not err.

"By rule, the [Agency] favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that a treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'" (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987))). For this reason, a treating doctor's opinion that is well-supported and consistent with other substantial evidence in the record will be given controlling weight. *Orn*, 495 F.3d at 631; *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). An ALJ may, however, reject the opinion of

a treating doctor that is contradicted by another doctor's opinion for "'specific and legitimate reasons' supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The ALJ cited numerous reasons for discounting Dr. Ahmed's opinion. He noted that the opinion was provided in a "standard form" supplied by counsel as opposed to being set out in a written report. (AR 22.) The record supports this finding. Dr. Ahmed's August 2007 opinion was contained in a check-the-box form (AR 356-66) and, as a result, was entitled to less deference than an opinion contained in a written report. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (holding ALJ may reject "check-off reports that [do] not contain any explanation of the bases of their conclusions"); *Murray,* 722 F.2d at 501 (noting individualized medical opinions are preferred over check-the-box forms).

The ALJ also rejected the opinion because it was excessive and was not supported by Dr. Ahmed's ongoing treatment notes. Again, this finding is supported by the record. Dr. Ahmed had only seen Plaintiff twice when he offered his August 28, 2007 opinion that Plaintiff was disabled, the first time on July 20, 2007, and the second on August 10, 2007. (AR 461-64, 507-16.) Nothing in Dr. Ahmed's chart notes from these two visits suggests any basis for his findings that Plaintiff could only sit for thirty minutes at a time (for a total of one hour in an eight-hour workday) and could not stand or walk at all. (AR 365.) Further, in an October 2008 report Dr. Ahmed submitted in Plaintiff's worker's compensation case--a report he prepared after having treated Plaintiff monthly for a year--Dr. Ahmed opined that

Plaintiff was only precluded from heavy lifting, pulling, and pushing. (AR 373.)

The ALJ also relied on the fact that Dr. Ahmed's opinion was contradicted by the other doctors' opinions, including the orthopedic specialists who weighed in on Plaintiff's condition in this case. (AR 22.) There is evidence to support this finding. For example, two weeks before Dr. Ahmed opined that Plaintiff was incapable of standing, examining orthopedist Bunsri Sophon opined that, though limited in his ability to lift (25 pounds occasionally and 15 pounds frequently) and to reach above his shoulder, Plaintiff had no other functional limitations. (AR 295.) The ALJ was tasked with resolving the conflicts in the medical evidence, *see Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995), and the Court cannot say that he erred in doing so here.

The ALJ pointed out that Dr. Ahmed's opinion was internally inconsistent. (AR 22.) The record supports this finding. In the same form in which Dr. Ahmed checked a box indicating that Plaintiff could stand/walk for zero hours in an eight-hour workday, he opined that Plaintiff could stand/walk for 30 minutes at a time. (AR 365.) This contradiction is another reason to question Dr. Ahmed's opinion. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of treating doctor's opinion that was internally inconsistent).

The ALJ noted that Dr. Ahmed's opinion was inconsistent with Plaintiff's reported daily activities. (AR 22.) This, too, is true. Plaintiff testified at the administrative hearing in 2009 that he could stand for ten to 15 minutes, wash dishes, and prepare meals. (AR 33, 42-43.) This is inconsistent with Dr. Ahmed's opinion that

4

Plaintiff was incapable of standing/walking at all during an eight-hour workday. (AR 365.) Plaintiff also claimed to sleep while sitting up and that he usually slept eight to ten hours a day. (AR 36-37.) This contradicts Dr. Ahmed's finding that Plaintiff was limited to sitting for no more than 30 minutes at one time and no more than one hour a day (AR 365) and is a valid reason for questioning Dr. Ahmed's opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989) (upholding ALJ's rejection of treating physician's opinion that was contradicted by claimant's testimony).

     The ALJ noted that Dr. Ahmed's disability opinion was based on worker's compensation definitions, not social security definitions, and went to the ultimate issue of disability. (AR 23.) These findings are supported by the record. Dr. Ahmed's opinions were couched in terms of "temporary total disability" (AR 384), a worker's compensation term used to convey that the worker is unable to return to his current job. *See, e.g., Booth v. Barnhart*, 181 F. Supp.2d 1099, 1104-05 (C.D. Cal. 2002) (citing *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996)). It is not a social security term and does not mean that a claimant is disabled under social security law. Further, even assuming that it did, Dr. Ahmed's opinion that Plaintiff was disabled was not binding on the ALJ. Disability determinations are the exclusive province of ALJs, not doctors. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (noting treating physician's opinion that claimant is disabled is not binding on the ALJ); Social Security Ruling 96-5p (explaining doctors' opinions regarding ultimate issue of disability "can never be entitled to controlling weight or given special significance").

      The ALJ cited several other reasons for discounting Dr. Ahmed's opinion, some valid, some not.  As Plaintiff points out, for example, the ALJ incorrectly found that there were no electrodiagnostic studies to support Dr. Ahmed's findings that Plaintiff suffered from radiculopathy or neuropathy.  (Joint Stip. at 8, 18.)  In fact, Dr. Ali performed electromyography tests on Plaintiff and concluded that the results were abnormal, revealing mild radiculopathy.  (AR 494.) Despite the ALJ's error here and the fact that he provided some other less than persuasive reasons for questioning Dr. Ahmed's work, the Court finds that he set forth more than enough valid reasons for rejecting Dr. Ahmed's opinion.  As such, this finding will be affirmed.  *See Donathan v. Astrue*, 264 Fed. App'x 556, 559 (9th Cir. 2008) (upholding ALJ's rejection of treating doctors' opinions despite the fact that some of the reasons cited by the ALJ were invalid since remaining reasons were enough to support the finding).

B.   The ALJ's Residual Functional Capacity Assessment

      The ALJ found that Plaintiff could perform medium work, i.e., he could sit, stand, or walk for six hours a day, lift, carry, push, or pull 25 pounds frequently and 50 pounds occasionally, and could frequently lift above his shoulder.  (AR 20.)  Plaintiff complains that the ALJ improperly relied on a non-examining state agency physician to reach this conclusion and also that he ignored certain limitations in doing so.  (Joint Stip. at 20-23.)  For the following reasons, the Court concludes that, even assuming the ALJ erred, any error was harmless.

      The ALJ's ultimate determination that Plaintiff was not disabled was based on his finding that Plaintiff could perform his past work as a security guard.  (AR 24-25.)  This is light work.  *See* Dictionary of

Occupational Titles ("DOT") No. 372.667-038. Thus, even assuming that the ALJ erred in relying on the wrong doctor to conclude that Plaintiff was capable of performing medium work, the error did not affect the ALJ's ultimate conclusion that Plaintiff was not disabled and, therefore, is harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (holding error that does not affect ultimate disability determination is harmless).[1]

The same analysis and the same result applies to Plaintiff's contention that the ALJ erred in overlooking Plaintiff's restriction for overhead reaching. In Plaintiff's view, this limitation precludes him from performing work as a security guard. (Joint Stip. at 20-22.) Again, the Court disagrees. There is nothing in the DOT description of this job--which sets forth how it is regularly performed in the economy--that suggests that overhead reaching is required at all. *See* DOT No. 372.667-038. And, according to Plaintiff, he was not required to reach overhead when he worked as a security guard. (AR 115, 124.) Thus, any limitation in reaching Plaintiff may suffer from does not preclude work as a security guard, either as he actually performed the job or as it is typically performed in the economy.

---

[1] Certainly, there is sufficient evidence in this record to support a finding that Plaintiff can perform light work. In addition to the non-examining physician who opined that Plaintiff could perform medium work, Plaintiff's treating physician, Dr. Ahmed, opined in 2009 that Plaintiff was only restricted from heavy lifting, pulling, and pushing. (AR 373.) Examining orthopedist Sophon determined that Plaintiff was capable of light work. (AR 295.) Examining orthopedic surgeon Jack Akmakjian determined that Plaintiff was restricted only from heavy lifting and repetitive bending, stooping, lifting, and carrying. (AR 630-31.) And examining orthopedic surgeon John Santaniello found that Plaintiff's only restriction was heavy lifting. (AR 642.)

1        Finally, Plaintiff complains that the ALJ did not include a
2   limitation for nausea and vomiting, side effects he experienced from
3   his medications.  (Joint Stip. at 20, 22.)  But the evidence of side
4   effects came from Plaintiff himself and he was deemed not credible by
5   the ALJ.  (AR 24.)  Thus, the ALJ was not required to consider them in
6   formulating his residual functional capacity.  *See Bayliss v.*
7   *Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding ALJ need only
8   include limitations she finds credible and supported by substantial
9   evidence in residual functional capacity finding).  As such, there was
10  no error here.

                          IV.  CONCLUSION

       For the reasons set forth above, the Agency's decision is
affirmed.

       IT IS SO ORDERED.

       DATED: December 9, 2011.


                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE


S:\PJW\Cases-Soc Sec\JOHNSON, T 9881\memorandum opinion and order.wpd